**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER R. COOK, an individual, and DEBRA K. POWERS-COOK, an individual,<br><br>         Plaintiffs,<br>vs.<br>WELLS FARGO BANK, a foreign corporation authorized to do business in California; and DOES 1 though 10 inclusive,<br><br>         Defendant. | CASE NO. 09cv2757 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the court is Defendant Wells Fargo Bank's Motion to Dismiss Plaintiff's Complaint. (Doc. # 4).

**BACKGROUND**

  This action relates to Plaintiffs' mortgage. On October 29, 2009, Plaintiffs initiated this action by filing their Complaint in the Superior Court for the County of San Diego. (Doc. # 1). The Complaint alleges seven causes of action: (1)Violation of the Truth in Lending Act ("TILA") (*Id.* ¶ 32), (2) Violation of California's Business and Professions Code § 17200 (*Id.* ¶ 38), (3) Declaratory Relief (Doc. # 1 ¶ 46), (4) Breach of Fiduciary Duty (*Id.* ¶¶ 51-60), (5) Constructive Fraud (*Id.* ¶¶ 55-60), (6) Fraud (*Id.* ¶¶ 62-68), and (7) Negligent Misrepresentation (*Id.* ¶¶ 71-74). On December 10, 2009, Defendant Wells Fargo Bank

1  ("Wells Fargo") filed a Notice of Removal removing the action to this Court. (Doc. # 1). On December 17, 2009, Wells Fargo filed its Motion to Dismiss Plaintiff's Complaint. (Doc. # 4).

The Complaint alleges Plaintiffs are the owners of property located at 507 Ocean Bluff Way, Encinitas, California 92024. (Doc. # 1 ¶ 19). The Complaint alleges Plaintiffs obtained a mortgage on their property from Wells Fargo in the amount of $1,500,000.00 on October 19, 2007. (*Id.* ¶ 20). The Complaint alleges Wells Fargo "acquired a security interest, namely a Deed of Trust, on the Property." (*Id.* ¶ 22). The Complaint alleges "Plaintiffs paid settlement fees, finance charges, interest and other costs" as part of the loan transaction. (*Id.* ¶ 21).

The Complaint alleges Plaintiffs mailed a Notice of Rescission rescinding the loan contract pursuant to TILA to Wells Fargo on May 16, 2009, "[a]fter discovering a defective disclosure related to the right to cancel." (*Id.* ¶ 23). The Complaint identifies 16 instances of "deceptive or misleading disclosures" in the loan contract, which it alleges violate "both state and federal law." (*Id.* ¶ 27). The Complaint relies on the alleged violations of state and federal law as the basis for its rescission claim, and asserts that these violations extend Plaintiffs' "right to rescind the transaction up to three years after its consummation." (*Id.* ¶¶ 27-28).

In the Notice of Rescission, Plaintiffs offered to tender "an amount due after appropriate credits are made by [Wells Fargo] to the account." (*Id.*, Ex. 1). The Complaint alleges that Wells Fargo "failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction" within 20 days of receipt of the Notice of rescission. (*Id.* ¶ 25). After Plaintiffs sent the Notice of Rescission, they allege Wells Fargo "indicated that it will proceed with a foreclosure on the property." (*Id.* ¶ 25).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the Complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief, a Complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v.Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a Complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

### I. TILA Violations

In support of the first cause of action for violation of TILA, Plaintiffs allege that Wells Fargo failed "to deliver all the material disclosures required by [TILA] to Plaintiffs in connection with the transaction . . . entitling Plaintiffs to actual and statutory damages . . . and extend[ing] their right to rescind the transaction until up to three years after is consummation." (Doc #1 ¶ 33). Plaintiffs also request that the Court grant "a temporary restraining order, a temporary injunction and permanent injunction declaring that Plaintiffs have the right to rescind the loan, are entitled to possession of the Property due to rescission and that Defendant

cannot proceed with any foreclosure action." (*Id.* ¶ 36).

**A. Statute of Limitations**

Wells Fargo contends that the statute of limitations bars Plaintiffs' TILA claim. (Doc. # 4-1 at 9). Wells Fargo contends that only Plaintiffs' damage claim is time barred, and makes no mention of Plaintiffs' rescission claim. (*Id.*). Plaintiffs concede that any TILA claims for damages arising from Wells Fargo's alleged misconduct related to the loan transaction itself are time barred, but contend that their TILA claim based on Wells Fargo's alleged violations of TILA's rescission provisions is timely. (Doc. # 5 at 3–4). Plaintiffs allege Wells Fargo failed to make material disclosures, including the correct amount financed, the finance charge, and the annual percentage rate, and other information, thus extending their "right to rescind the transaction up to three years after its consummation." (Doc. # 1 ¶ 27–28). Plaintiffs allege Wells Fargo violated TILA § 1635 by failing to respond within 20 days to Plaintiffs Notice of Rescission. (*Id.* ¶ 34). Plaintiffs further claim entitlement to damages based on this failure to respond. (Doc. # 1 ¶ 34). In their Opposition to Wells Fargo's Motion to Dismiss, Plaintiffs contend that the "[v]iolations of the rescission provisions themselves give rise to statutory and actual damages," and contend that Wells Fargo's "failure to respond properly to [the] cancellation notice gives rise to a separate damage claim." (Doc. # 5 at 3); 15 U.S.C. § 1640.

A cause of action for damages arising under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2009). The Ninth Circuit generally measures the statutory period in § 1640(e) from the date of the credit transaction, or the date the loan was consummated. *See King v. State of Cal.*, 784 F.2d 910, 914 (9th Cir. 1986) (holding generally that, "the limitations period in Section 1640(e) runs from the date of consummation of the transaction"). If a lender fails to make material disclosures required under TILA, then a borrower has the right to rescind the transaction within

///
///
///

three years, pursuant to 15 U.S.C. § 1635.[1]  *See also* 12 C.F.R. § 226.23 (2009).  A claim for damages based on violations of TILA's rescission provision must be brought within one year of the occurrence of the violation.  *See* 15 U.S.C. §§ 1635(b), 1640(e).

Plaintiffs loan was consummated on October 19, 2007, and Plaintiffs filed this action on October 29, 2009, well within the three year limitations period for rescission.  Plaintiffs rescission claim under TILA is therefore not time barred.  *See* (Doc. # 1 ¶¶ 27a, 28); 15 U.S.C. § 1635; 12 C.F.R. § 226.23 (2009).

If Wells Fargo failed to respond properly to Plaintiffs Notice of Rescission, then that violation of TILA § 1635 gives rise to damages separate from those time-barred damage claims arising from the alleged failures to deliver material disclosures.  *See Bland v. Carone Family Trust*, No. 3:07cv00418-L-RBB, 2007 WL 951344, at *3 (S.D. Cal. Mar. 19, 2007) (holding that "[u]nder 15 U.S.C. § 1640, a creditor may be liable for damages if it fails to respond to the debtor's notice of rescission as required under 15 U.S.C. § 1635," even if the debtor brings an action more than one year after the loan transaction was consummated); *Gibbons v. Interbank Funding Group*, 208 F.R.D. 278, 284 (N.D. Cal. 2002) (allowing a damage claim, the basis of which was the lender's failure to respond to plaintiff's Notice of Rescission within 20 days, to proceed when brought more than one year after the loan was consummated); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (stating in dicta that "15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit" if the borrower provided the lender an effective rescission notice); *Buick v. World Savings Bank*, 637 F. Supp. 2d 765, 772 (E.D. Cal. 2008) (noting that a lender's failure to honor Plaintiffs' request to rescind is a "distinct and actionable violation" of TILA, and that the one-year limitations period for a damage claim based on such violation begins to run at the time the lender failed to honor the rescission request).  In the present case Plaintiffs allege that the date of Wells Fargo's violation of § 1635(b) was June 6, 2009, the twentieth day after Plaintiffs sent their

---

[1] A list of "material disclosures" for purposes of triggering the three-year right to rescission is found in 12 § C.F.R. 226.23 n.48 (2009) and includes "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in Sections 226.32(c) and (d) and 226.35(b)(2).

Notice of Rescission. (Doc. # 5 at 4). Plaintiffs commenced this action on October 19, 2009, within one year of this alleged violation of § 1635(b) on June 6, 2009. (*Id.*). Plaintiffs' claim for damages based on Wells Fargo's failure to respond to Plaintiffs' Notice of Rescission within 20 days is not time barred.

**B. Tender**

Wells Fargo contends that Plaintiffs' TILA claims fail because they have not "alleged a credible tender." (Doc. # 4-1 at 9). Wells Fargo contends that Plaintiffs' failure to make their monthly mortgage payments "demonstrated their inability to tender." (*Id.* at 10). Plaintiffs respond that they "are able to tender the rescission amount" and "are able to make monthly payments," but "*are not willing* to make payments on this loan." (Doc. # 5 at 8). In their Complaint, Plaintiffs allege they "are prepared to tender a principal amount after the appropriate credits are made for interest, finance charges and any other fees or payments applicable under the statute." (Doc. # 1 ¶ 30). In their prayer for relief, Plaintiffs also request an order that "Plaintiffs have no duty to tender the loan proceeds to Defendant, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of Plaintiffs' claims, and an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time." (*Id.* at 31).

TILA § 1635(b) sets forth a sequential scheme of rescission and tender, whereby the creditor must return all money and property paid to the borrower and terminate the security interest within 20 days of receiving a notice of rescission. 15 U.S.C. § 1635. Upon the creditor's completion of this obligation, the borrower must tender the property it received from the creditor under the loan.[2] The Federal Reserve Board Regulation Z § 226.23 implements

---

[2] § 1635(b) states in relevant part:
Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

1 § 1635(b) and provides for a substantially similar sequence of obligations upon rescission.[3]
2 12 C.F.R. §226.23.

3 In 1980, Congress amended § 1635(b), qualifying the sequence of obligations upon rescission and stating that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." Act of Mar. 31, 1980, Pub. L. No. 96-221, § 612(a)(3), (4), 94 Stat. 132 (codified as amended at 15 U.S.C. § 1635(b) (1995)). The Ninth Circuit has held that the authority to alter the rescission procedures of § 1635(b) grants courts the discretion to condition rescission on the satisfaction of the tender requirement. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003). A decision to condition rescission on tender "must be determined on a case-by-case basis," taking into consideration "the equities present in a particular case . . . including the nature of the violations and borrower's ability to repay the proceeds." *Id.* at 1171, 1173.

A number of district courts within the circuit have applied *Yamamoto* to dismiss TILA claims at the pleading stage if the borrower fails to allege a present ability to tender. *See, e.g.*, *Del Valle v. Mortg. Bank of Cal.*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009); *Garcia v. Wachovia Mortg. Corp.*, --- F.Supp.2d ----, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14, 2009); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488, at *1 (W.D. Wash., May 22, 2009); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D. Cal. Jan.27, 2009). However, *Yamamoto* did not mandate dismissal whenever the party seeking rescission fails to plead the ability to tender. *See Ing Bank v. Ahn*, No. 09-995 TEH, 2009 WL 2083965, at *2 (N.D. Cal. Jule 13, 2009) (interpreting *Yamamoto* as providing the trial court the "discretion to choose to dismiss

---

[3]§226.23 states in relevant part:
(d) Effects of rescission.
(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value.

1 where the court concludes that the party seeking rescission is incapable of performance"). 2 Following this interpretation of *Yamamoto*, many courts have allowed TILA claims to survive 3 a motion to dismiss, despite a plaintiff's failure to allege an ability to tender. *See, e.g., Singh* 4 *v. Washington Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. Aug.19, 5 2009); *Pelayo v. Home Capital Funding*, No. 08-CV-2030 IEG (POR), 2009 WL 1459419, at 6 *7 (S.D. Cal. May 22, 2009); *Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM 7 (RBB), 2009 WL 514254, at *3 (S.D. Cal. Mar. 2, 2009); *Burrows v. Orchid Island TRS, LLC*, 8 No. 07CV1567-BEN (WMC), 2008 WL 744735, at *6 (C.D. Cal. Mar.18, 2008). However, 9 "by far, the majority of Courts to address the issue recently have required that borrowers allege 10 an *ability* to tender the principal balance of the subject loan in order to state a claim for 11 rescission under TILA." *Garcia*, 2009 WL 3837621, at *3, *4 (emphasizing that an allegation 12 of an *ability* to tender is a higher pleading standard than merely alleging a willingness to 13 tender).

14 The Court will require Plaintiffs to plead facts that would establish their ability to tender 15 before it will reach the substance of their TILA claims. "It makes little sense to let the instant 16 rescission claim proceed absent some indication that the claim will not simply be dismissed 17 at the summary judgment stage after needless depletion of the parties' and the Court's 18 resources." *Valdez v. America's Wholesale Lender*, No. C 09-02778 JF (RS), 2009 WL 19 5114305, at *5 (N.D. Cal. Dec. 18, 2009). Plaintiffs in the present case have pled no facts 20 showing their ability to tender. The Complaint's allegation that Plaintiffs "are prepared to 21 tender a principal amount" is a conclusory statement and fails to meet Plaintiffs' burden of 22 alleging the factual basis of their entitlement to relief. (Doc. # 1 ¶ 30). Plaintiffs have alleged 23 a willingness, or "preparedness," to tender, but have not pled facts that would establish their 24 *ability* to tender. Plaintiffs have thus failed to provide "[f]actual allegations . . . enough to raise 25 [their] right to relief above the speculative level" as to their TILA claims. *See Bell Atl. Corp.*, 26 550 U.S. at 555; *see also Valdez*, 2009 WL 5114305, at *5 n.3 (N.D. Cal. Dec. 18, 2009) 27 (providing as an example of facts that would satisfy this standard: "[A] TILA plaintiff might 28 be able to allege that while she lacks the liquidity to tender the loan proceeds at the time she

files the rescission claim, she has sufficient equity in the home and a willingness to sell that would render it likely that she could tender the loan proceeds"). Additionally, Plaintiffs fail to sufficiently plead their damages claim based on Wells Fargo's alleged failure to respond to the Notice of Rescission because Plaintiffs have failed to allege that they could have effected rescission and tendered the amounts due had Wells Fargo responded in accordance with their rescission obligations. Plaintiffs must plead facts that would establish either their present ability to tender the loan proceeds or the expectation that they will be able to tender. Because Plaintiffs have failed to plead facts plausibly suggesting an entitlement to relief, the Court dismisses Plaintiffs' first cause of action for violation of TILA without prejudice.

**II. State Law Claims**

The Notice of Removal asserts that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of the TILA claims. (Doc. # 1 at 3). Neither the Complaint nor the Notice of Removal assert that diversity jurisdiction exists. The Notice of Removal asserts this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. §1441(c). (*Id.*).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because the Court has dismissed all of the federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§ 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant Wells Fargo's Motion to Dismiss (Doc. # 4) is **GRANTED WITH LEAVE TO AMEND**. Plaintiffs may file an amended complaint within thirty (30) days of the date of this order.

DATED: March 26, 2010

**WILLIAM Q. HAYES**
United States District Judge