1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10
11  CHRISTOPHER R. COOK, an individual; DEBRA K. POWERS-COOK, an individual,                          CASE NO. 09cv2757 WQH (NLS)
12
                                                                                                     **ORDER**
13                                    Plaintiffs,
                    vs.
14  WELLS FARGO BANK, a foreign corporation authorized to do business in
15  California; DOES 1 through 10 inclusive,
16                                    Defendants.

17  HAYES, Judge:

18          The matter before the Court is Defendant Wells Fargo Bank's Motion to Dismiss

19  Plaintiff's First Amended Complaint.  (Doc. #11).

20                                    **BACKGROUND**

21          On April 20, 2010 Plaintiffs filed this First Amended Complaint[1] ("FAC").  (Doc.

22  #10).  Plaintiffs allege five causes of action: (1) violations of the Truth in Lending Act

23  ("TILA"), (2) Declaratory Relief, (3) Breach of Fiduciary Duty, (4) Fraud, and (5)

24  Negligent Misrepresentation.  *Id*.  On May 4, 2010, Defendant filed a Motion to Dismiss

25  Plaintiffs' FAC.  (Doc. #11).

26          Plaintiffs allege they are the owners of property located at 507 Ocean Bluff Way,

27

28          [1]Plaintiffs' original complaint was dismissed by this Court. *Cook v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 29956, 12-13 (S.D. Cal. Mar. 26, 2010).

1  Encinitas, California 92024.  (Doc. #10 ¶ 19).  Plaintiffs allege they obtained a mortgage on

2  their property from Defendant in the amount of $1,500,000.00 on October 19, 2007.  *Id.*

3  ¶ 20.  Plaintiffs allege Defendant "acquired a security interest, namely a Deed of Trust, on

4  the Property."  *Id.* ¶ 22.  Plaintiffs allege they "paid settlement fees, finance charges,

5  interest and other costs" as part of the loan transaction.  *Id.* ¶ 21.

6       Plaintiffs allege they mailed a Notice of Rescission rescinding the loan contract

7  pursuant to TILA to Defendant on May 16, 2009, "[a]fter discovering a defective

8  disclosure related to the right to cancel."  *Id.* ¶ 23.  Plaintiffs allege 16 instances of

9  "deceptive or misleading disclosures" within the loan contract, which they allege violate

10  "both state and federal law."  *Id.* ¶ 27.  Plaintiffs rely on the alleged violations of state and

11  federal law as the basis for the rescission claim, and assert these violations extend their

12  "right to rescind the transaction up to three years after [the] consummation [of the loan]."

13  *Id.* ¶¶ 27-28.

14       In the alleged Notice of Rescission, attached to the FAC as exhibit 1, Plaintiffs

15  offered to tender "an amount due after appropriate credits [had been] made by [Defendant]

16  to the account."  *Id.*, Ex. 1.  Plaintiffs allege Defendant "failed to take any action necessary

17  or appropriate to reflect the termination of any security interest created under the

18  transaction" within 20 days of receipt of the Notice of Rescission.  *Id.* ¶ 25.  Plaintiffs

19  allege Defendant "indicated that it [would] proceed with a foreclosure on the property"

20  after Plaintiffs sent the Notice of Rescission.  *Id.* ¶ 25.

21                          **STANDARD OF REVIEW**

22       Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a

23  claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil

24  Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short

25  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

26  P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the Complaint lacks a

27  cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See*

28  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief, a Complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v.Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day to day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a Complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

### I.    TILA Violations

Plaintiffs allege they are entitled to actual and statutory damages as a result of TILA violations. (Doc. #10 ¶ 33). Plaintiffs request the Court grant "a temporary restraining order, a temporary injunction and permanent injunction declaring that Plaintiffs have the right to rescind the loan, are entitled to possession of the Property due to rescission and that Defendant cannot proceed with any foreclosure action." *Id.* ¶ 36.

#### A.    Statute of Limitations

Defendant contends the statute of limitations bars Plaintiffs' TILA claim. (Doc. #11 at 4). Plaintiffs concede that any TILA claims for damages arising from Defendant's

alleged misconduct related to the loan transaction itself are time barred, but contend their TILA claim based on Defendant's alleged violations of the rescission provisions within TILA is timely.  (Doc. #12 at 2).

A cause of action for damages arising under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e) (2009).  Courts generally measures the statutory period in section 1640(e) from the date of the credit transaction, or the date the loan was consummated.  *See King v. State of Cal.*, 784 F.2d 910, 914 (9th Cir. 1986) (holding generally that, "the limitations period in Section 1640(e) runs from the date of consummation of the transaction").  A borrower has the right to rescind the transaction within three years, pursuant to 15 U.S.C. section 1635, when a lender fails to make material disclosures required under TILA.[2]  *See also* 12 C.F.R. § 226.23 (2009).

Plaintiffs allege Defendant failed to make material disclosures, including the correct amount financed, the finance charge, the annual percentage rate, and other information, extending their "right to rescind the transaction up to three years after its consummation." (Doc. # 10 ¶ 27–28).  Plaintiffs allege their loan was consummated on October 19, 2007, and Plaintiffs filed this action on October 29, 2009.  *Id.* at 6. This is within the three-year limitations period for rescission therefore Plaintiffs' rescission claim under TILA is not time barred.  *See Id.* at ¶¶ 27a, 28; 15 U.S.C.  § 1635; 12 C.F.R. § 226.23 (2009).

A lender that fails to respond properly to a Notice of Rescission violates TILA Section 1635 and gives rise to damages separate from those time-barred damages claims arising from failures to deliver material disclosures.  15 U.S.C. § 1635(b), 1640(e); *See also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) ("15 U.S.C. Section 1640(e) provides the borrower one year from the refusal of cancellation to file suit" if the borrower provided the lender an effective rescission notice).  Plaintiffs allege Defendant violated TILA Section 1635 by failing to respond within 20 days to Plaintiffs'

---

[2] A list of "material disclosures" for purposes of triggering the three-year right to rescission is found in 12 section C.F.R. 226.23 n.48 (2009) and includes "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in Sections 226.32(c) and (d) and 226.35(b)(2).

May 16, 2009 Notice of Rescission and allege entitlement to damages based on this failure to respond.  (Doc. #10 at ¶ 34).  Plaintiffs commenced this action on October 19, 2009, well within one year of this alleged violation of section 1635(b).  Plaintiffs' claim for damages based on Defendant's failure to respond to Plaintiffs' Notice of Rescission within 20 days is not time barred.

### B.    Tender

Defendant contends Plaintiffs' TILA claim fails because "bare and conclusory allegations of Plaintiffs' ability to tender are insufficient to support this element of Plaintiffs' TILA rescission claim."  (Doc. #11 at 5).  Defendant further contends Plaintiffs "do not... have an ability to truly tender the full amount owing on the loan.  Instead, Plaintiffs seek to tender a reduced amount determined by the court over a period of time." *Id*.  Plaintiffs contend "there is no more direct possible way for the Plaintiffs to allege they have the ability to tender the amounts due to rescind this agreement."  (Doc. #12 at 4).

TILA section 1635(b) sets forth a sequential scheme of rescission and tender, whereby the creditor must return all money and property paid to the borrower and terminate the security interest within 20 days of receiving a notice of rescission.  15 U.S.C. § 1635. Upon the creditor's completion of this obligation, the borrower must tender the property received from the creditor under the loan.  The Federal Reserve Board Regulation Z section 226.23 implements section 1635(b) and provides for a substantially similar sequence of obligations upon rescission. 12 C.F.R. section 226.23.

In 1980, Congress amended section 1635(b), qualifying the sequence of obligations upon rescission and stating that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court."  15 U.S.C. § 1635(b) (1995).  The Court of Appeals for the Ninth Circuit has held the authority to alter the rescission procedures of section 1635(b) grants courts the discretion to condition rescission on the satisfaction of the tender requirement.  *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003). A decision to condition rescission on tender "must be determined on a case-by-case basis," taking into consideration "the equities present in a particular case . . . including the nature

of the violations and borrower's ability to repay the proceeds." *Yamamoto*, 329 F.3d at 1171, 1173. This Court has held it "will require Plaintiffs to plead facts that would establish their ability to tender before it will reach the substance of their TILA claims." *Cook v. Wells Fargo Bank,* 2010 U.S. Dist. LEXIS 29956, 12-13 (S.D. Cal. Mar. 26, 2010).

In the FAC, Plaintiffs allege they "possess sufficient liquid assets at their disposal to tender the loan proceeds . . . ." (Doc. #10 at 12). These allegations are vague and lack factual specificity regarding Plaintiffs' ability to tender. In particular, it is unclear what the phrase "at their disposal" means. Plaintiffs' first cause of action for TILA violations is dismissed.

## II.    Declaratory Relief

Defendant contends Plaintiffs' "cause of action for declaratory relief is nothing more than a reassertion of Plaintiffs' other claims" and should be dismissed. (Doc. #11 at 7). Plaintiffs contend declaratory relief is necessary to determine "what terms Plaintiffs shall tender back the original principal of the loan. Whether Plaintiffs are entitled to possession of the real property secured by the loan and whether an injunction is necessary to restrain Defendants from taking further actions which would injure Plaintiffs..." *Id*. at 8.

Plaintiffs allege a claim for a determination "of the parties' rights and duties as is necessary and appropriate at this time under the circumstances, and a declaration as to whether Defendant violated federal and state lending laws." (Doc. #10 at 13). The TILA claim will resolve the "rights and duties" of the Plaintiffs. *See Horton v. Cal. Credit Corp. Ret. Plan,* 2009 U.S. Dist. LEXIS 71176 (S.D. Cal. Aug. 13, 2009) (Plaintiff's TILA claim would resolve the same issues Plaintiff's declaratory relief claim would resolve). The court concludes that Declaratory relief would not address any issues that are not addressed by Plaintiffs' other claims. *See Exxon Shipping Co. v. Airport Depot Diner,* 120 F.3d 166, 168-170 (9th Cir. 1997) ("a declaratory judgment action must serve some purpose in resolving a dispute. If the relief serves no purpose . . . the district court should not grant it."). Plaintiffs' second cause of action for declaratory relief is dismissed.

**II.  State Law Claims**

The Notice of Removal asserts that federal question jurisdiction exists pursuant to 28 U.S.C. Section 1331 by virtue of the TILA claims.  (Doc. # 1 at 3).  Neither the FAC nor the Notice of Removal assert that diversity jurisdiction exists.  The Notice of Removal asserts this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367 and 28 U.S.C. Section 1441(c).  (*Id.*).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Because the Court has dismissed all of the federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(c)(3).  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. Section 1367(c)(3)).

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant Wells Fargo's Motion to Dismiss (Doc. # 11) is **GRANTED**.  Plaintiff may file a motion for leave to amend the complaint within thirty (30) days of the date of this order.   Plaintiff must obtain a hearing date pursuant to

the Local Rules of Civil Procedure before filing any motion for leave to amend.  In the event no motion is filed, the Court will close the case.

DATED:  July 7, 2010

**WILLIAM Q. HAYES**
United States District Judge