FILED

11 MAR 28  PM 3: 30

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: 

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. COOK, an individual; DEBRA K. POWERS-COOK, an individual,<br><br>Plaintiff,<br>vs.<br>WELLS FARGO BANK, a foreign corporation authorized to do business in California; DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 09cv2757 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint. (ECF No. 21).

## BACKGROUND

On October 29, 2009, Plaintiffs initiated this action by filing a Complaint in the Superior Court for the State of California, County of San Diego. (ECF No. 1 at 2). On December 9, 2009, Defendant Wells Fargo Bank ("Wells Fargo") filed a Notice of Removal. (ECF No. 1). On December 17, 2009, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. (ECF No. 4). On March 26, 2010, the motion was granted and Plaintiffs were given leave to amend. (ECF No. 9).

On April 20, 2010, Plaintiffs filed a First Amended Complaint. (ECF No. 10). On May 4, 2010, Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint.

1  (ECF No. 11).  On July 7, 2010, this Court granted the motion to dismiss finding that

2  Plaintiffs' Truth in Lending Act claim was not time barred, but the allegation that Plaintiffs

3  had sufficient funds "at their disposal" to tender was insufficient to state a claim.  (ECF No.

4  15 at 6).  Plaintiffs were permitted to file a motion for leave to amend the complaint.

5         On August 6, 2010, Plaintiffs filed a Motion for Leave to File a Second Amended

6  Complaint ("SAC").  (ECF No. 16).  In the proposed SAC, Plaintiffs alleged that Plaintiff

7  Chris Cook was willing to sell his interest in his business and liquidate his retained

8  earnings to tender, and that amount was "approximately $1,000,000.00."  (ECF No. 16-1 at

9  13).  Defendant contended that Plaintiffs' proposed SAC was futile because Plaintiffs'

10  tender offer fell "approximately $329,000 short of full and complete tender."  (ECF No. 17

11  at 3).  In Plaintiffs' Reply, Plaintiffs argued that the value of the business sale and

12  liquidation of retained earnings totaled $1,351,619.74.

13         On November 17, 2010, this Court denied Plaintiffs' Motion for Leave to File a

14  Second Amended Complaint finding that, "Plaintiffs no longer seek to file the proposed

15  Second Amended Complaint which is the subject of this Motion."  (ECF No. 20 at 3).

16         On December 21, 2010, Plaintiffs' Motion for Leave to File Third Amended

17  Complaint ("TAC") was filed.  (ECF No. 21).  In the proposed TAC, Plaintiffs alleges that

18  "Plaintiffs are willing, able and prepared to tender a principal amount after the appropriate

19  credits are made for interest, finance charges and any other fees or payments applicable

20  under the statute."  *Id.* at 16.  Plaintiffs allege that, "[i]f California Correctional Foods Inc.

21  were sold on the open market, Plaintiffs' interest in the purchase price would be

22  approximately $995, 923.90."  *Id.*  Plaintiffs allege that Plaintiffs would also be "paid their

23  equity and retained earnings, which are valued at approximately $355,695.84 ...."  *Id.*  "The

24  combined total equals $1,351,619.74."  *Id.*  Plaintiffs allege that the sum is "sufficient to

25  rescind the loan at the center of this dispute after all appropriate credits have been taken

26  into consideration."  *Id.*

27         On January 4, 2011, Defendant Wells Fargo filed an Opposition to Plaintiffs'

28  Motion for Leave to File Third Amended Complaint.  (ECF No.24).  Defendant contends

1    that Plaintiffs lack a "present ability to tender in full without any conditions." *Id.* at 2.

2    Defendant contend that "Plaintiffs now owe more than $1.5 million on their loan." *Id.*

3      On January 10, 2011, Plaintiffs filed a Reply. (ECF No. 26).

4    **DISCUSSION**

5      Rule 15 of the Federal Rules of Civil Procedure mandates that the court "should

6    freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "This policy

7    is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

8    1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962),

9    the Supreme Court offered several factors for district courts to consider in deciding whether

10   to grant a motion to amend under Rule 15(a):

11      In the absence of any apparent or declared reason–such as undue
        delay, bad faith or dilatory motive on the part of the movant,

12      repeated failure to cure deficiencies by amendments previously
        allowed, undue prejudice to the opposing party by virtue of

13      allowance of the amendment, futility of amendment, etc.–the leave
        sought should, as the rules require, be 'freely given.'

14   *Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th

15   Cir. 2004) (citing *Foman* factors).

16     "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have

17   held, it is the consideration of prejudice to the opposing party that carries the greatest

18   weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing

19   amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833

20   F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the

21   remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting

22   leave to amend." *Eminence Capital*, 316 F.3d at 1052.

23
24     Defendant contends that "after four attempts to adequately allege tender, the

25   proposed TAC still fails to comply with the requirement that Plaintiffs allege a present

26   ability to tender in full without any conditions." (ECF No. 24 at 2). Defendant also

27   contends that granting Plaintiffs leave to amend would be futile. *Id.* at 3.

28

- 3 -

1    After consideration of the submissions of the parties, the Court concludes that

2 Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome

3 the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence*

4 *Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the

5 merits of the proposed third amended complaint until after leave to amend is granted and

6 the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-

7 4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s

8 permissive standard, courts ordinarily defer consideration of challenges to the merits of a

9 proposed amended pleading until after leave to amend is granted and the amended pleading

10 is filed.").

11                                              **CONCLUSION**

12        IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Third

13 Amended Complaint (ECF No. 21) is GRANTED. Plaintiffs shall file the proposed Third

14 Amended Complaint attached to Plaintiffs' Motion as Exhibit A by no later than ten days

15 from the date of this Order.

16

17

18 DATED: ___3/25/11___

19                                         WILLIAM Q. HAYES
20                                         UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28